IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES K. FENIMORE, ) | |
|     Petitioner, ) | Case No. 7:20-cv-00444 |
| v. ) | |
| ) | |
| J. C. STREEVAL, ) | By: Michael F. Urbanski |
|     Respondent. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

James K. Fenimore, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Fenimore argues that his conviction for possession of a firearm as a convicted felon must be vacated in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). The respondent has filed a response in opposition, arguing that the court lacks jurisdiction over the petition and that Fenimore's claim is procedurally defaulted and without merit. ECF No. 12. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, it must be **DISMISSED**.

**I.     BACKGROUND**

On November 9, 2016, a federal grand jury in the Western District of Missouri returned an indictment charging Fenimore with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Indictment, United States v. Fenimore, No. 6:16-cr-03119 (W.D. Mo. Nov. 9, 2016), Dkt. No. 1.[*] Fenimore appeared

---

[*] All further docket references (Dkt. No.) in this section refer to the docket in the underlying criminal case.

before a United States Magistrate Judge on December 21, 2016, and entered a plea of guilty. Plea H'rg Tr., Dkt. No. 27, at 3.

During the plea hearing, the magistrate judge asked the attorney for the United States to state for the record the evidence that he believed that he could present at trial to establish Fenimore's guilt beyond a reasonable doubt. Id. at 6. The attorney summarized the government's evidence as follows:

> [O]n September 2nd of this year, the Springfield, Missouri Police Department was conducting a fugitive investigation of the defendant and received information that he had frequented a residence in Springfield. Based upon that information, the officers established surveillance and a few moments later the defendant was observed exiting an apartment wearing a motorcycle helmet and walking toward a motorcycle that the police knew to be stolen that was parked behind the apartment. As the officers approached Mr. Fenimore to effect his arrest, he dropped a Smith & Wesson M&P Shield model 9mm semiautomatic pistol, Serial Number HLC1445 near the motorcycle and fled afoot. The SPD officers gave chase and eventually apprehended the defendant after deploying a taser. The Smith & Wesson brand M&P Shield model 9mm semiautomatic pistol had one round in the chamber and eight rounds in the magazine . . . . On September 16th of this year, an officer with ATF test fired the firearm which function[ed as] designed. The firearm was not manufactured in the state of Missouri and, therefore, it would have been transported across the state line at some time during or before the defendant's possession of it. The defendant has prior felony convictions for robbery in the second degree, tampering with a motor vehicle and unlawful use of a weapon. Each of those crimes is punishable by imprisonment for more than a year under the laws of the state of Missouri.

Id. at 6–7. The magistrate judge subsequently asked Fenimore whether he "[d]id . . . in fact do the things that [the attorney] stated for the record that he [could] prove," and Fenimore responded in the affirmative. Id. at 8.

2

The magistrate judge found that there was an adequate factual basis for Fenimore's plea of guilty and that the plea was knowing and voluntary. Id. Accordingly, the magistrate judge issued a report recommending that the district court accept the plea of guilty. Report and Recommendation, Dkt. No. 26. On January 5, 2017, the district court accepted the guilty plea and adjudged Fenimore guilty of the offense charged in the indictment. Acceptance of Plea, Dkt. No. 29. Fenimore was subsequently sentenced to a term of imprisonment of 92 months. J., Dkt. No. 38, at 2. He did not appeal his conviction or sentence.

In June 2019, the Supreme Court issued its decision in Rehaif, which "clarified the mens rea requirement for firearms-possession offenses, including the felon-in-possession offense." Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2095 (2021). "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." Id. (emphasis in original); see also Rehaif, 139 S. Ct. at 2200 ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

On August 3, 2020, while in the custody of the Warden of United States Penitentiary Lee, Fenimore filed the instant petition under 28 U.S.C. § 2241. Relying on Rehaif, Fenimore argues that his guilty plea is void because he was not advised that, if he went to trial, a jury would have to find that he knew he was a felon at the time he possessed the firearm. See Pet., ECF No. 1, at 6–7.

## II. DISCUSSION

When a federal prisoner seeks to challenge the legality of his conviction or sentence, he ordinarily must file a motion to vacate under 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018).

The United States Court of Appeals for the Fourth Circuit has crafted a three-part test for determining when a federal prisoner can challenge a conviction by way of the savings clause. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425 ("The savings clause . . . does not concern criteria for a successful § 2241 petition; rather, it provides whether that petition may be entertained to begin with.").

Upon review of Fenimore's petition, the court concludes that it fails to satisfy the second requirement of In re Jones. As this court and others have previously held, Rehaif did not change the substantive law such that the conduct of which Fenimore was convicted is no longer criminal. See Erby v. Breckon, No. 7:18-cv-00588, 2020 U.S. Dist. LEXIS 51626, at *17–18 (W.D. Va. Mar. 24, 2020) (citing cases), aff'd, No. 20-6814, 2021 U.S. App. LEXIS 38003 (4th Cir. Dec. 22, 2021); see also Miller v. Streeval, No. 7:20-cv-00314, 2021 U.S. Dist. LEXIS 183488, at *7–8 (W.D. Va. Sept. 24, 2021) (citing cases). Possession of a firearm after having been convicted of a felony "remains a crime after Rehaif, albeit with an additional element of proof." United States v. Duell, No. 2:20-cv-00662, 2021 U.S. Dist. LEXIS 42522, at *9 (W.D. Pa. Mar. 8, 2021); see also Harbin v. Streeval, No. 7:20-cv-00012, 2021 U.S. Dist. LEXIS 7544, at *7 (W.D. Va. Jan. 14, 2021) ("[I]t is still illegal for felons, among others, to possess firearms."). And the additional element recognized in Rehaif—that the defendant knew he was a felon—is easily proven in most cases, particularly where, as here, the defendant had been convicted of multiple felonies. See Greer, 141 S. Ct. at 2097–98 ("If a person is a felon, he ordinarily knows he is a felon . . . . That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon . . . . Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons.") (emphasis in original); United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020) ("Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving they knew.").

5

Based on the foregoing, the court concludes that Fenimore's petition does not satisfy the second requirement of <u>In re Jones</u>. Because Fenimore has not shown that the substantive law changed such that the conduct of which he was convicted is no longer criminal, he cannot challenge the validity of his conviction under § 2241.

### III.   CONCLUSION

For the reasons stated herein, the court concludes that Fenimore cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Fenimore's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: January 20, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.01.20 17:05:12
-05'00'

Michael F. Urbanski
Chief United States District Judge